UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKKEL S. AAES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-975 |
| | § | |
| 4G COMPANIES, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court are three separate motions to dismiss Plaintiffs' First Amended Complaint (Doc. 76) filed by Defendant Steve Rackley ("Rackley") (Doc. 80); by Defendants S. Lavon Evans, Jr., Evans Energy LLC, and S. Lavon Evans, Jr. Operating Co. Inc. (collectively, the "Evans Defendants") (Doc. 81); and (iii) by Defendants EnerMax, Inc. and Bret Boteler (collectively, the "EnerMax Defendants") (Doc. 82).

Having considered the motions, the record in this case, and the applicable law, the Court concludes that the motions should be granted.

**I.   Procedural Background**

Plaintiffs filed their Original Complaint (Doc. 1) on March 16, 2011, and Rackley, the Evans Defendants, and the EnerMax Defendants filed motions to dismiss that complaint on May 16 (Doc. 10), June 10 (Doc. 25), and July 15, 2011 (Doc. 37), respectively. On March 20, 2012, this Court issued an Opinion and Order (Doc. 84), finding that Plaintiffs had failed to state a claim against any Defendant and granting the motions, but also allowing Plaintiffs the opportunity to file an amended complaint that complied with the pleading standards of Federal Rules of Civil Procedure 8 and 9(b). In the meantime, on March 1, 2012, Plaintiffs, without

submitting a motion for leave to amend, had nevertheless filed their First Amended Complaint, but that complaint only added new plaintiffs; it did not amend the causes of action or factual allegations.

By March 15, 2012, Rackley, the Evans Defendants, and the EnerMax Defendants had all filed their motions to dismiss the amended complaint. Plaintiffs, however, have neither responded to these motions nor amended their complaint to comply with Rules 8 and 9(b).

## II.     Legal Standard

Failure to meet the heightened pleading standard of Rule 9(b) should not "automatically or [inflexibly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000). "[U]nless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal," plaintiffs should normally receive an opportunity to cure their pleading deficiencies. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Such an opportunity is not without limits, however, as "[a]t some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

## III.    Discussion

Precisely one year has passed since this Court dismissed Plaintiffs' complaint without prejudice to their right to file an amended complaint that complies with the pleading standards of Rules 8 and 9(b). More than one year has passed since Rackley, the Evans Defendants, and the EnerMax Defendants filed their respective motions to dismiss. During this time, Plaintiffs have been silent, and through this silence have communicated "that they are unwilling or unable to

amend in a manner that will avoid dismissal." *Great Plains Trust Co.*, 313 F.3d at 329.

It is well within a district court's discretion to dismiss a complaint where the plaintiffs fail to take advantage of an opportunity to cure pleading defects and offer no explanation for the delay. *See In re Kevco Inc.*, 113 F. App'x 29, 31 (5th Cir. 2004). This is just such a situation; accordingly, Plaintiffs' claims should be dismissed.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the Motions to Dismiss (Docs. 80, 81, 82) are **GRANTED** and Plaintiffs' First Amended Complaint be **DISMISSED**.

SIGNED at Houston, Texas, this 20th day of March, 2013.

*(signature)*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE