UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKKEL S. AAES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-975 |
| | § | |
| 4G COMPANIES, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the court is Plaintiffs' Motion to Alter or Amend Final Order of Dismissal and/or for Relief from the Judgment (Doc. 87). Having considered the motion, the record, and the applicable law, the court concludes that the motion should be denied.

**I.   Procedural Background**

In 2011, Defendants filed separate motions to dismiss for failure to state a claim (Docs. 10, 25, 32, 37, 51). In response to each motion, Plaintiffs stated that "[i]f the Court should believe further specificity is needed, Plaintiffs request leave to amend the Complaint." (Doc. 22 at 29; Doc. 31 at 28; Doc. 39 at 22; Doc. 44 at 23; Doc. 61 at 22).

On March 20, 2012, this court issued an Opinion and Order dismissing "Plaintiffs' complaint (Doc. 1) . . . without prejudice to Plaintiffs' right to file an amended complaint." ("2012 Order," Doc. 84 at 18-19). Meanwhile, as the court was considering and ruling on Defendants' motions to dismiss the original complaint, Plaintiffs filed an amended complaint (Doc. 76), and Defendants submitted motions to dismiss that amended version (Docs. 80, 81, 82). The court's 2012 Order did not reach the amended complaint or the motions to dismiss it, and those filings remained pending. Plaintiffs, however, never responded to Defendants'

motions, nor did they file a second amended complaint or a Rule 41(a) motion for voluntary dismissal.

On March 20, 2013, this court issued a second Opinion and Order ("2013 Order," Doc. 85) dismissing Plaintiffs' amended complaint, and entered a Final Order of Dismissal (Doc. 86) closing the case. Meanwhile, unbeknownst to the court, Plaintiffs had amended and refiled their complaint in Texas state court. (*See* Doc. 87-1). Now Plaintiffs seek to alter or amend the court's Final Order of Dismissal.

## II.     Legal Standard

Because the motion was filed within 28 days of the entry of final judgment, it must be analyzed under Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e) (requiring motions to "be filed no later than 28 days after the entry of the judgment"); *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (stating that whether a motion for reconsideration falls under Rule 59(e) or Rule 60(b) depends on the time at which it is filed). Rule 59(e) motions "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (internal quotation marks omitted)).

## III.    Discussion

In this case, Plaintiffs argue that there was a manifest error of law: that this court had no authority to alter the 2012 Order. (Doc. 87 at 4). But the essential premise of this argument—that the 2012 Order was a final order, (Doc. 87 at 3)—is itself an error of law. In fact, Plaintiffs' entire motion is riddled with legal, factual, and logical errors. Their basic argument is as follows:

(1) pursuant to *Whitaker v. City of Houston*, 963 F.2d 831 (5th Cir. 1992), Plaintiffs could not file an amended complaint after entry of the 2012 Order without first requesting leave to amend; (2) instead of requesting leave to amend, Plaintiffs "elected" to treat that Order as a final order; (3) pursuant to Federal Rule of Appellate Procedure 4(a)(7)(A)(ii), entry of that final order necessitated entry of final judgment 150 days later; and (4) once final judgment was entered, this court lacked the authority to alter that judgment. (Doc. 87 at 3-4).

Plaintiffs' initial point is belied by the plain language of their responses to the motions to dismiss and of the Order granting those motions. In their responses, Plaintiffs explicitly "*request[ed] leave to amend the Complaint*," (*e.g.*, Doc. 22 at 29) (emphasis added); in the Order, the dismissal was explicitly granted "*without prejudice to Plaintiffs' right to file an amended complaint*." (Doc. 84 at 18-19) (emphasis added). Given such wording, Plaintiffs' assertion that they could not file an amended complaint without first requesting leave to do so is nonsensical.

Plaintiffs' second error is their misreading of *Whitaker* to mean that they can decide whether any dismissal of a complaint is a final order.[1] (*See* Doc. 87 at 3). On the contrary, such

---

[1] Plaintiffs cite but misunderstand the rule that "a plaintiff whose 'complaint' has been dismissed may elect either to (1) treat the dismissal as a final appealable order and appeal under Fed. R. Civ. P. 4(a), or (2) ask for leave to amend the original pleading under Rule 15(a)." (Doc. 87 at 3) (quoting *Whitaker*, 963 F.2d at 832 (internal quotation marks omitted) (adopting the rule articulated by the Eleventh Circuit in *Czeremcha v. International Association of Machinists & Aerospace Workers*, 724 F.2d 1552 (11th Cir. 1984))). This rule does not give plaintiffs authority to choose whether an order is final; rather, where there is a final appealable order and the case remains open, it merely gives them the choice between filing a notice of appeal and seeking leave to amend the original complaint. In adopting this rule, the Fifth Circuit explained:

> Under the rule in *Czeremcha,* the initial question is whether dismissal of the complaint was intended to terminate the action. A district court's order dismissing a complaint constitutes dismissal of the action *when it states or clearly indicates that no amendment is possible—e.g., when the complaint is dismissed with prejudice or with express denial of leave to amend* . . . . In any such case, dismissal of the complaint terminates the action . . . and thus constitutes a final order. . . . If, on the other hand, the district court's order does not expressly or by clear implication dismiss the *action,* then under *Czeremcha,* such order merely dismisses the complaint. In that case, the plaintiff may amend under Rule 15(a), but only with permission of the court.

*Whitaker*, 963 F.2d at 835 (first emphasis added).

discretion remains, as always, with the district court. *See Whitaker*, 963 F.2d at 835 (stating that whether an "order dismissing a complaint constitutes dismissal of the action" depends on the district court's intent). The *Whitaker* holding stands only for the proposition that "when a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court." *Rosenzweig*, 332 F.3d at 864 (citing *Whitaker*, 963 F.2d at 835). Because this court had already given Plaintiffs such permission, the circumstances of and issues presented in that case do not exist here and are wholly irrelevant.

Next, Plaintiffs cite the Federal Rules of Appellate Procedure to show that "the March 20, 2012 order became final and appealable by rule on August 17, 2012, 150 days after the original order was entered." (Doc. 87 at 3). Of course, this is not an appeal, so the issue is not whether the Order is appealable but whether it closed the case—a distinction at the heart of the *Whitaker* decision. The relevant rule, Federal Rule of Civil Procedure 58(a), applies only if an order of dismissal is "the final decision in the case," thereby "end[ing] 'the litigation on the merits' and [leaving] 'nothing for the court to do but execute the judgment.'" *Whitaker*, 963 F.2d at 833 (quoting *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387 (1978) (internal quotation marks omitted); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). This simply is not the case here, as the 2012 Order granted leave to amend, an amended complaint remained on the docket, and Defendants' motions to dismiss the amended complaint were still pending.

All of these errors culminate in Plaintiffs' erroneous conclusion that the court had no authority to alter the 2012 Order. To be clear, the 2012 Order was not a final order, *see* Black's Law Dictionary 1130 (8th Ed. 2004) (defining a "final order" as "[a]n order that is dispositive of the entire case"), and the 2013 Order did not alter anything. While the former dismissed

Plaintiffs' original complaint, the latter dismissed their amended complaint. Once this fact is grasped, it becomes obvious that Plaintiffs' motion is meritless.

Finally, the great irony of Plaintiffs' motion is that it relies on *Whitaker* for support, yet neglects to cite the most relevant portion of that opinion: its conclusion. Ultimately, the Fifth Circuit affirmed dismissal of the plaintiff's complaint because plaintiff's "undue delay" in seeking to amend "showed that [he] had not diligently prosecuted his case." *Whitaker*, 963 F.2d at 833. Here, Plaintiffs showed undue delay by neither filing a second amended complaint when afforded a full year to do so, nor bothering to even respond to Defendants' motions to dismiss their first amended complaint. Moreover, by deliberately waiting 150 days, then refiling their complaint in state court while this case was still open,[2] Plaintiffs' actions demonstrate more than just undue delay: they show a blatant attempt to manipulate procedural rules and to game the federal and state court systems. What they have failed to do, however, is show any legal basis for this motion.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' motion (Doc. 87) is **DENIED**.

SIGNED at Houston, Texas, this 23rd day of April, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[2] Remarkably, Plaintiffs explain that "[r]elying on the leave granted to file an amended complaint, [they] elected to re-file their claims . . . *in Texas state court*." (Doc. 87 at 2) (emphasis added). It should go without saying that the leave granted was to file an amended complaint in *this* court, not in state court. Perhaps even more remarkably, Plaintiffs immediately follow the explanation above with one that contradicts it, stating that they "were not entitled to re-plead." (Doc. 87 at 3).